[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13856
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 18, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00103-CR-ORL-13KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALLACE RAY SMITH,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(February 18, 2009)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Wallace Ray Smith appeals his conviction for conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii). He raises a single issue on appeal, namely whether the evidence presented at trial was insufficient to sustain a conviction for conspiracy. Smith argues his conviction was not supported by proof beyond a reasonable doubt because the Government failed to establish Smith had knowledge of the conspiracy. Smith further contends the district court, in denying his motion for judgment of acquittal, essentially allocated to him the burden of proving what he did not know and relied on impermissible inferences.

"Sufficiency of the evidence is a question of law that we review de novo." *United States v. Gupta*, 463 F.3d 1182, 1193 (11th Cir. 2006). In reviewing the sufficiency of the evidence, we consider "the evidence in the light most favorable to the government." *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005). We also make all reasonable inferences and credibility choices in favor of the Government and the jury's verdict. *Id.* We must affirm "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt." *Id.* "The evidence need not exclude every hypothesis of innocence or be completely inconsistent with every conclusion other

2

than guilt because a jury may select among constructions of the evidence." *United States v. Bailey*, 123 F.3d 1381, 1391 (11th Cir. 1997).

To support a conspiracy conviction under 21 U.S.C. § 846, the Government must establish beyond a reasonable doubt (1) a conspiracy existed, (2) the defendant had knowledge of it, and (3) he voluntarily joined it. *United States v. Thompson*, 422 F.3d 1285, 1290 (11th Cir. 2005). "[T]he existence of an agreement in a conspiracy case is rarely proven by direct evidence that the conspirators formally entered or reached an agreement. . . . The more common method of proving an agreement is through circumstantial evidence." *United States v. Morales*, 868 F.2d 1562, 1274 (11th Cir. 1989) (citation omitted). "A defendant's knowing participation in a conspiracy may be established through proof of surrounding circumstances such as acts committed by the defendant which furthered the purpose of the conspiracy." *United States v. Bain*, 736 F.2d 1480, 1485 (11th Cir. 1984). In addition, "the defendant's own statements may be used to infer his participation in a conspiracy." *United States v. Cooper*, 873 F.2d 269, 272 (11th Cir. 1989). Further, a defendant's presence in a vehicle with drugs combined with evidence the defendant made conflicting statements or related implausible stories to authorities may support a conviction for conspiracy. *United States v. Stanley*, 24 F.3d 1314, 1320–21 (11th Cir. 1994). Finally, there is a

general principle that, in cases involving large amounts of narcotics, "a prudent smuggler is not likely to suffer the presence of unaffiliated bystanders." *United States v. Cruz-Valdez*, 773 F.2d 1541, 1547 (11th Cir. 1985).

In this case, Smith does not argue there was no conspiracy to distribute marijuana; rather, he contends he was unaware of the conspiracy. The cumulative effect of the circumstantial evidence, however, belies Smith's contention that he lacked knowledge of the conspiracy. *See Morales*, 868 F.2d at 1274. Smith traveled from Texas to Florida in a truck that carried a 600-pound marijuana shipment and had a strong odor of marijuana emanating from it. He was present at the initial delivery of the truck containing the hidden marijuana. After the truck was unloaded, Smith made inculpatory statements to the confidential informant acknowledging the contents of the truck and the presence of a chase car. *See Cooper*, 873 F.2d at 272. Moreover, the jury was entitled to view Smith's trial testimony and statement to law enforcement that he did not meet with anyone during the trip as substantive evidence tending to prove guilt because the statements were inconsistent with surveillance video that showed Smith meeting with two Hispanic men from the chase car. *See Stanley*, 24 F.3d at 1320–21.

As further support of his arguments, Smith cites the district court's order denying his motion for a judgment of acquittal and the court's observation of the possibility he was not a knowing participant in the conspiracy. Smith argues the court's observation demonstrates his guilt was not proved beyond a reasonable doubt. This contention, however, is without merit because the evidence need not exclude every hypothesis of innocence. *Bailey*, 123 F.3d at 1391.

Viewing the evidence in the light most favorable to the Government, we conclude a reasonable jury could have found Smith knowingly participated in the conspiracy. The cumulative effect of the circumstantial evidence was sufficient to sustain Smith's conviction for conspiracy to possess with the intent to distribute marijuana. Accordingly, we affirm Smith's conviction.

**AFFIRMED.**